IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 1:09-cr-05-SPM-GRJ

RICHARD CARR,
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Doc. 40, a motion to vacate pursuant to 28 U.S.C. § 2255. Defendant contends that his trial counsel rendered ineffective assistance by inducing him to plead guilty with faulty advice and failing to raise issues regarding the infringement value of the counterfeit watches he was convicted of trafficking. The Government has filed a response and Defendant filed a reply. (Docs. 49, 50.) For the following reasons, the undersigned recommends that the motion to vacate be denied.

## Background

On November 19, 2008, Defendant was arrested in possession of 20 counterfeit watches bearing the names of Rolex, Cartier, Breitling, and Movado brands. (Doc. 25.) On April 28, 2009, Defendant pleaded guilty to one count of trafficking in counterfeit watches, in violation of 18 U.S.C. §§ 2320(a) and 2320(e)(1). (Doc.16.) He was sentenced to a 37-month term of imprisonment followed by three years of supervised release. (Doc. 38.) Defendant did not appeal. He filed the instant motion to vacate on February 16, 2010, alleging that trial counsel was constitutionally ineffective for inducing him to plead guilty based on faulty legal advice and for failing to investigate and argue issues related to his 2B5.3 infringement value sentence enhancement. (Doc. 40.)

## **Ineffective Assistance of Counsel**

Because Defendant raises the issue of counsel's effectiveness, a review of *Strickland v. Washington*, 466 U.S. 668 (1984), is appropriate.  To prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate (1) that his counsel's performance was below an objective and reasonable professional norm, and (2) that he was prejudiced by this inadequacy.  *Strickland*, 466 U.S. at 686.  The court may dispose of the claim if a defendant fails to carry his burden of proof on either the performance or the prejudice prong.  *Id*. at 697.  The court need not address the adequacy of counsel's performance when a defendant fails to make a sufficient showing of prejudice.  *Id.; Tafero v. Wainright*, 796 F.2d 1314, 1319 (11th Cir. 1986).

With regard to the performance prong of *Strickland*, a defendant must provide factual support for his contentions that counsel's performance was constitutionally deficient.  *Smith v. White*, 815 F.2d 1401, 1406-07 (11th Cir. 1987).  The court must consider counsel's performance in light of all of the circumstances at that time and indulge in a strong presumption that counsel's conduct fell within the wide range of reasonably professional assistance.  *Strickland*, 466 U.S. at 689-90.  To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take."  *Grayson v. Thompson*, 257 F.3d 1194, 1216 (11th Cir. 2001) (emphasis omitted).

To show prejudice, a defendant must show more than simply that counsel's unreasonable conduct might have had "some conceivable effect on the outcome of the proceeding."  *Strickland*, 466 U.S. at 693.  Instead, a defendant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different." *Id*. at 694.  A "reasonable probability is defined as a probability sufficient to undermine confidence in the outcome."  *Id*.

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between."  *Chandler*, 218 F.3d at 1313 (11th Cir. 2000).

## Discussion

In ground one of his motion to vacate, Defendant contends that trial counsel was ineffective because he failed to tell him that "his jeweler's license authorized him to purchase and sell replica watches and his alleged conduct did not violate the laws of the United States."  (Doc. 40.)  Defendant's claim is contradicted by his statements to investigators, the signed statement of facts, sworn statements at his rearraignment and sentencing, his PSR, and an affidavit of trial counsel.

Notwithstanding Defendant's lack of legal support for his contention that he had a jeweler's license to sell "replica" watches and therefore was not guilty of trafficking in counterfeit watches, the record clearly establishes that Defendant knew the watches were counterfeit and that his conduct was illegal.  In a post-*Miranda* interview, Defendant admitted that the watches were all counterfeit; he has been arrested in the past for committing the same offense; he has sold counterfeit goods for around 10 years; he knew the sale of counterfeit trademarked items was illegal; and he did not have permission from the manufacturers to sell them.  (Doc. 25.)  Defendant signed a factual basis for his plea stating that the watches were counterfeit and that he knowingly used the marks and knew they were counterfeit.  (*Id.*)

At rearraignment, the court received assurances from Defendant that he had

fully discussed the case with his attorney and had enough time to discuss his decisions to accept the plea agreement and plead guilty. (Doc. 44, pp. 4-5.) Defendant told the court he was satisfied with his attorney's representation. (*Id.* at 7.) Defendant was advised of his rights, the elements of the offense, and the maximum possible penalties. (*Id.* at 15.) The statement of facts was read into the record and Defendant told the court that the value of the infringed items could be worth in excess of $100,000; it was noted that the issue could be addressed at sentencing. (*Id.* at 21.)

At sentencing, Defendant did not object to the PSR, which chronicled dozens of previous state cases involving the sale of counterfeit trademarked goods and fake gold. (PSR, Doc. 48.) Defendant told the court at sentencing that he was guilty of having the counterfeit watches in his possession and that if he had known it could lead to a federal offense and a long sentence he "would never, ever have tried to sell" the watches. (Doc. 48, p. 8.)

Finally, the Government has submitted an affidavit of trial counsel William R. Clark Jr. (Doc. 49, Exh. 1.) Trial counsel attests that Defendant never provided an actual Florida business license and if he had, he was unaware of a provision of Florida law that would permit the sale of counterfeit goods. To the contrary, Defendant had just been released from jail on state charges for selling counterfeit goods at the time of his arrest on the federal charge. (*Id.*)

The record clearly refutes Defendant's allegation that he relied on faulty advice from counsel and therefore did not voluntarily and intelligently enter his guilty plea. Defendant cannot establish deficient performance and this claim is due to be denied. *See, e.g., United States v. Cao,* 2010 WL 5092260, *10 (N.D. Fla. Nov. 12, 2010) ("[A]

defendant's statements during a Rule 11 colloquy as well as any findings made by the judge accepting the pleas constitute a formidable barrier in any subsequent collateral proceedings").

In ground two of his motion to vacate, Defendant contends that trial counsel rendered ineffective assistance for failing to present evidence regarding the retail value of the counterfeit watches he was arrested with–which Defendant estimates is less than $5,000–and failing to argue that the retail value of the *counterfeit* watches rather than the *genuine* watches should be used in determining a sentence enhancement under USSG, Section 2B5.3. (Doc. 40.) This claim is refuted by the record as well as governing law in the Eleventh Circuit.

Section 2B5.3 of the sentencing guidelines provides for enhanced sentencing based on the infringement amount in a case involving criminal infringement of copyright or trademark. Application note two calls for the use of the retail value of the infringed (genuine) item in cases where, as here, the infringing (counterfeit) item "is, or appears to a reasonably informed purchaser to be, identical or substantially equivalent to the infringed item." USSG, Section 2B5.3, application note 2(A)(I). *See also United States v. Lozano,* 490 F.3d 1317 (11th Cir. 2007); *United States v. Alim,* 256 Fed. Appx. 236 (11th Cir. 2007) This provision is applicable to Defendant's case, and he signed a statement of facts indicating that the counterfeit marks on his watches "were identical to or indistinguishable from genuine marks. . .[and] were used in a manner likely to cause confusion, to cause mistake, or to deceive the public." (Doc. 25, p. 3.)

Trial counsel cannot be deemed ineffective for not raising an argument that was

unsupported by the case law or sentencing guidelines.  Furthermore, the Defendant admitted in a signed statement and in open court that the value of the genuine items could be in excess of $100,000 and failed to dispute the figure when he directly addressed the district court during sentencing.  (Docs. 25, 44, 48.)  Accordingly, this claim is also due to be denied.

## Conclusion

Defendant's motion is due to be denied without an evidentiary hearing.  *See* 28 U.S.C. § 2255(b) (denying the need for an evidentiary hearing where "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief").  In light of the foregoing, it is respectfully **RECOMMENDED:**

That the motion to vacate, Doc. 40, be **DENIED** and that a certificate of appealability be **DENIED.**

IN CHAMBERS  this 13th day of March 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**